# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| J.K. ABBOTT, JR., | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 6:14-cv-00372-SLB-JEO |
| WARDEN JOHN T. RATHMAN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner J.K Abbott, Jr., filed this application for a writ of habeas corpus seeking a reduction of his sentence to the statutory maximum because he asserts he is not an armed career criminal under the Armed Career Criminal Act ("ACCA") enhancement found at 18 U.S.C. § 924(e). (Doc. 1).[1] He further alleges that his federal sentence has been fully served, and that he is due to be released immediately. (*Id*. at 5). Upon consideration, the court finds that the motion is due to be denied.

## PROCEDURAL BACKGROUND

Abbott was convicted on a one-count indictment charging that he possessed seven .22 caliber magnum rifle shells in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 43).[2] He was sentenced to serve 188 months custody as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. (*Id*.) He appealed his conviction and sentence, asserting, *inter alia*, that the court erred in enhancing his sentence premised on a finding that he was an armed career criminal. The Eleventh Circuit Court

---

[1] References herein to "Doc. ___" are to the document numbers in the habeas matter found in the present case, 6:14-cv-00372-SLB-JEO.

[2] References herein to "Cr. Doc. ___" are to the document numbers in Abbott's criminal case found in *United States v. J.K. Abbott, Jr.*, 6:03-cr-368-KOB-RRA.

of Appeals affirmed his conviction and sentence. (Cr. Doc. 55).

Abbott then filed a post-judgment motion for relief from his sentence under FED. R. CIV. P. 60(b), requesting that the court vacate the judgment against him because "fraud was committed on the court when it allowed the government to amend the indictment through a Bill of Particulars that was submitted to the court without leave or direction effectfully (sic) changing a key element in the indictment namely 'venue.'" (Cr. Doc. 57 at 2). The court denied the motion, and Abbott appealed the denial of relief. (*Id.*; Cr. Doc. 58). The appeal was dismissed by the Eleventh Circuit as being untimely. (Cr. Doc. 64).

Abbott next filed a motion pursuant to 28 U.S.C. § 2255 in February 2010, challenging the finding that he was an armed career criminal and the use of a bill of particulars in his case. (Cr. Doc. 65; 2255 Doc. 4 at 1).[3] His request for relief was denied. (2255 Docs. 6 & 7). Abbot appealed the denial of relief. (2255 Doc. 8). His request for a certificate of appealability was denied by the Eleventh Circuit. (2255 Doc. 13).

Abbott filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255(e). It was deemed by the Clerk of the Court to be a second § 2255 motion. (Cr. Doc. 66; 2d 2255 Doc. 1).[4] Because Abbott was seeking relief under the general habeas statute, 28 U.S.C. § 2241, via the saving clause of § 2255(e), the case was reclassified as a petition for a writ of habeas corpus and reassigned to the undersigned.

---

[3] References herein to "2255 Doc. ___" are to the document numbers in *Abbott v. United States of America*, 6:10-cv-8008-KOB-RRA.

[4] References herein to "2d 2255 Doc. ___" are to the document numbers in *Abbott v. Rathman*, 6:14-cv-8004-KOB-RRA.

**DISCUSSION**

Prior to his conviction and sentencing in the original criminal case, Abbott had been convicted of six felony offenses. Two convictions were for escape, one was for second degree assault, two were for second degree theft and one was for third degree burglary. (Cr. Doc. 51 at 2-7; Government Exhibits (GX) 3-8).[5] The prior convictions were offered by the United States at Abbott's sentencing hearing. United States District Judge Karon O. Bowdre found that the defendant had three predicate offenses to trigger a sentencing enhancement under the ACCA.[6]  (Cr. Doc. 51

---

[5]For the convenience of the court and the parties, all of Abbott's prior convictions (GX 3-8) which are part of the sentencing have been entered on the electronic record at document number 14.

[6]The relevant provision of the ACCA, which is codified at 18 U.S.C. § 924(e)(1), provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

A "violent felony"

> ... means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

3

at 7).

In the present petition, Abbott alleges that his conviction for escape from Draper Correctional Facility on April 28, 1987, is not a "violent felony" for purposes of § 924(e). In support of his contention, he cites *Chambers v. United States*, 555 U.S. 122 (2009), *Begay v. United States*, 553 U.S. 137 (2008), and *Bryant v. Warden*, 738 F.3d 1253 (11th Cri. 2013). (Doc. 1-1 at 1-4). The United States retorts that his conviction is a "violent felony," and cites to *United States v. Proch*, 637 F.3d 1262 (11th Cir. 2011). (Doc. 7 at 7-8). The United States further argues that his petition, to the extent it may be construed as a motion pursuant to § 2255, it is time barred. (*Id*. at 8-11). Finally, the United States argues the court is without jurisdiction to consider Abbott's petition under § 2241. (*Id*. at 11-14).

In his traverse, Abbott argues that the issue of whether his prior escape case constitutes a "violent felony" was resolved by the Eleventh Circuit in *United States v. Lee*, 586 F.3d 859 (11th Cir. 2009). (Doc. 9 at 2-6). He also alleges that his Winston County burglary conviction (Cr. Doc. 51; GX 4) is "no longer recognized by the Eleventh Circuit as a qualifying" offense for purposes of the ACCA. In support of this latter contention, he relies on *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014). (Doc. 9 at 7).

**A. Abbott's Challenge to the Elmore County Escape Conviction**

Abbott was confined at Draper Correctional Facility serving a sentence for second degree theft during 1987. (Doc. 1-1 at 8). During the morning of April 28, 1987, he was working on a supervised detail outside the institution. At approximately 9:26 a.m., the supervising correctional officer determined during an inmate count that Abbott had left the detail. It was learned that Abbott

---

18 U.S.C. § 924(e)(2)(B).

4

"crawled through tall grass" near the work site headed towards a nearby lake. (*Id*. at 10). A tracking team was used to locate Abbott. He was apprehended several miles from the work site without incident about one hour later. (*Id*. at 11-12). He was charged by Elmore County authorities with first degree escape from custody.[7] (*Id*. at 8). He pled guilty and was sentenced to thirteen years custody to run concurrent with the sentence he was already serving. (*Id*. at 9; Cr. Doc. 51 at 2, GX 5).[8]

Abbott argues that the facts supporting his first degree escape conviction are not sufficient to qualify that offense as a "violent felony" for purposes of the sentencing enhancement imposed by the court. He argues that his conduct is similar to "a walk-away/failure to return type escape" precluded from consideration by *Begay* and *Chambers*. (Doc. 1-1 at 3). The court disagrees.

In *Begay*, the United States Supreme Court held that the New Mexico felony offense of driving under the influence of alcohol was not a "violent felony" under § 924(e). *Id*., 555 U.S. at

---

[7]First degree escape is defined as follows:

(a) A person commits the crime of escape in the first degree if:

    (1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or

    (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.

(b) Escape in the first degree is a Class B felony.

ALA. CODE 1975 § 13A-10-31.

[8]He does not challenge his 1996 conviction for escape from the Winston County Jail in Double Springs, Alabama. (Cr. Doc. 51; GX. 7).

148. In so finding, the Court stated, this offense does not fit the ACCA statutory framework because driving under the influence, "a strict-liability crime, [which] differs from a prior record of violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives. The latter are associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior in a way that the former are not." *Id.*, at 147.

In *Chambers*, the Supreme Court held that an Illinois failure-to-report for penal confinement offense did not have "as an element the use, attempted use, or threatened use of physical force against the person of another," and was a relatively passive offense that did not involve conduct presenting a serious potential risk of physical injury to another to qualify as a "violent felony" for purposes of § 924(e). *Id.* at 127-28 (citing 18 U.S.C. § 924(e)(2)(B)(i). The Court further noted, "To the contrary, an individual who fails to report would seem unlikely, not likely, to call attention to his whereabouts by simultaneously engaging in additional violent and unlawful conduct." *Id*, 555 U.S. at 128.

In *Lee*, the Eleventh Circuit was presented with the issue of whether a "walkaway" from a halfway house was a qualifying offense under § 924(e). In addressing the issue, the court stated as follows:

> In the wake of *Begay*, then, courts must determine not only whether a non-enumerated state crime poses a serious potential risk of harm, but also whether it is similar in kind to the ACCA's enumerated crimes, i.e., whether it involves purposeful, violent, and aggressive conduct. A crime that does not involve such conduct is not a "violent felony" under the ACCA's residual provision, regardless of the degree of danger it presents. *See id.* at 1588.

*Lee*, 586 F.3d at 868. The court held that a "non-violent 'walkaway' escape is [not] 'roughly similar, in kind as well as in degree of risk posed,' to arson, burglary, extortion, or crimes involving

the use of explosives." *Id*. at 869. Accordingly, the court found that the offense did not qualify as a predicate offense for purposes of § 924(e).

This court finds each of the foregoing cases factually and legally distinguishable from the instant case. Instead, the court finds *Proch* to be more instructive. In *Proch*, the defendant's sentence was enhanced, premised in part, on a prior escape conviction. The evidence showed that after he was arrested and while he was in transit or at the jail, he attempted to escape from police custody. *Id*., 637 F.3d at 1266. Affirming the use of the conviction for enhancement purposes, the court stated, "As the *Chambers* court noted, an escape from custody involves less passive and more aggressive behavior than a failure to report." *Id*. at 1268. Finding that an escape from custody was a predicate offense for purposes of § 924, the court further stated:

> We agree with the conclusions of the other circuits that the predicate crime here involves a crime similar in risk and similar in kind to the enumerated crimes. It involves either an escape from jail or an escape from the immediate custody of an officer transporting the person to or from jail. Escapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause "an eruption of violence" upon discovery. [*United States v.*] *Furqueron*, 605 F.3d [612,] 615 [(8th Cir. 2010).] Such an eruption clearly presents a serious potential risk of physical injury. Also like burglary, escape from custody is a stealth crime that involves a high degree of recklessness.[ ] Like burglary, arson, and the use of explosives, escape from custody is purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police. We conclude, therefore, that a felon who risks escape from custody is likely to use an illegally possessed firearm in a violent way and that escape from custody is therefore a violent felony under the ACCA[ ].

*Id*. at 1268-69 (footnotes omitted).

The circumstances in the instant case raise concerns more akin to the those expressed by the Eleventh Circuit in *Proch*. For instance, at the time of the escape, Abbott was in the custody of the Alabama Department of Corrections. He was under the immediate supervision of a correctional

7

officer with the Department of Corrections. The crime involved "stealth" and a "high degree of recklessness." *Id*. at 1269. Finally, immediately after the escape was discovered, a tracking team was used to locate Abbott. As noted in *Proch*, "[s]uch an eruption clearly presents a serious potential risk of physical injury" to the officers, the escapee, and the other inmates in the immediate vicinity. *Id*. at 1269. Accordingly, Abbott's first degree escape conviction is a qualifying offense for purposes of § 924(e). He is entitled to no relief on the claim.

**B.    Other Matters**

Because the court finds that Abbott's Elmore County first degree escape conviction is a predicate offense under § 924(e), it is not necessary to address the alternative arguments raised by the United States. Additionally, because of the court's finding on this prior offense, Abbott has the three predicate offenses under § 924(e) – two escape convictions and one second degree assault conviction – for imposition of the enhanced sentence. Thus, the court need not address his belated contention in the traverse that his third burglary offense (see doc. 51; GX4) is not a predicate offense under *Howard*.

### CONCLUSION

Premised on the foregoing, Abbott's petition for a writ of habeas corpus is due to be denied. An appropriate order will be entered contemporaneously herewith.

**DONE** this 27th day of March, 2015.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE